PATTERSON, Judge.
This dispute arises from the sale of a front-end loader by John Doran[1] (Doran) to Norman J. Session, Jr. (Session). Doran appeals a final judgment in favor of Session in Doran’s action for breach of contract and goods sold and delivered. We agree with Doran that there was no substantial competent evidence to support the court’s determination of misrepresentation, and we reverse and remand for a new trial.
Doran’s complaint alleged that Session owed him $30,000, plus interest, for the sale of the front-end loader. Session raised numerous defenses and counterclaims, including misrepresentation and rescission. Session essentially asserted that he did not *386 get what he bargained for, claimed that the loader had a defective alternator and starter, and that the loader was not a 1981 American-made machine.
The following evidence was adduced at the nonjury trial. Session went to inspect Doran’s front-end loader in South Carolina, and upon his arrival he learned that the loader was inoperable. After numerous attempts to start the loader, Doran advised Session that the loader had a starter and alternator problem. Doran agreed to fix the loader and to contact Session once the repairs had been completed. Doran testified that he had informed Session at this time that the loader was a foreign-made machine. Session, as well as William Pad-gett and Barney Kinsey who accompanied Session, denied that Doran made such a statement.
Doran later advised Session that the necessary repairs to the loader had been completed. Kinsey took the loader to his home and had difficulty in starting it. After thirty to forty-five minutes of charging the loader with a battery charger in his pickup truck, Kinsey was finally able to jump start the loader. Kinsey advised Session that it appeared that the starter had not been fixed.
Session agreed to purchase the loader based on Doran’s alleged oral representations that he would forward an alternator and starter to Session the next day and that the loader was a good machine for Session’s intended use. Doran testified that he had offered to give Session an extra starter and alternator if Doran had them. On April 16, 1988, Session gave Doran a check for $5,000 as a down-payment on the $30,000 purchase price and signed a bill of sale for the front-end loader. The bill of sale identified the front-end loader as a 1981 model. On April 18, 1988, Session called Doran and complained that he could not get the loader to work. Doran offered to arrange for Session to discuss the problem with his brother-in-law, who had maintained the equipment while Doran owned it. Session rejected Doran’s offer. Rather, he told Doran that he could take back the front-end loader.
Session’s attorney then sent Doran a letter dated May 9, 1988, stating that Session had stopped payment on the $5,000 check because the loader was not a 1981 Case 760B front-end loader, but was a 1978 model made in Zarogoza, Spain, with a 1973 350 Perkins V-8 engine. The trial court received this letter in evidence for the limited purpose of establishing that Doran received notice from Session that he had a problem with the loader. The letter was not admitted for the truth of the matter asserted. The trial court sustained Do-ran’s objections when Session attempted to prove by hearsay that the loader was not a 1981 model.
The final judgment shows that the trial judge interlineated a portion of the judgment as proposed and substituted a handwritten provision that Doran had breached the contract “by representing a 1978/73 frontend loader as a 1981.” The record contains no substantial competent evidence to support this finding of misrepresentation. The letter from Session’s attorney, which states that the front-end loader is a 1978/73 model, was not admitted into evidence for the truth of the matter asserted. It is clear that the basis for the trial judge’s ruling was the alleged misrepresentation of the model year, because the trial judge inserted that handwritten provision. The record contains additional evidence which could support Session’s claim for rescission of the contract. However, we cannot discern from the form of the final judgment if the trial judge ruled on the rescission count. Accordingly, we reverse the final judgment and remand for a new trial.
Reversed and remanded.
CAMPBELL, A.C.J., and THREADGILL, J., concur.

. While this appeal was pending, John Doran died, and Sue Doran, as Special Administrator of his Estate, was substituted as the appellant.